Pan v. Sessions

BIA
Poczter, IJ
A077 997 552

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand eighteen.

PRESENT:
JOHN M. WALKER, JR.,
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

BIAO QING PAN,
*Petitioner,*

v.                                                    17-815
                                                      NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Colette J. Winston, Trial Attorney, Office

of Immigration Litigation, United
States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Biao Qing Pan, a native and citizen of the People's Republic of China, seeks review of a March 14, 2017, decision of the BIA affirming a July 21, 2016, decision of an Immigration Judge ("IJ") denying Pan's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Biao Qing Pan,* No. A 077 997 552 (B.I.A. Mar. 14, 2017), *aff'g* No. A 077 997 552 (Immig. Ct. N.Y. City July 21, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

Under the standards set forth in the REAL ID Act, the agency must "[c]onsider[] the totality of the circumstances," and may base an adverse credibility ruling on any inconsistencies in an applicant's oral and written statements or other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, substantial evidence supports the agency's determination that Pan was not credible.

The agency reasonably concluded that Pan's testimony about when he started practicing Falun Gong was internally inconsistent and conflicted with statements he made to an asylum officer during his reasonable fear interview. 8 U.S.C. § 1158(b)(1)(B)(iii). Pan initially testified that he began practicing Falun Gong in 1999 and was arrested for the first time in 2001, but then he testified that he practiced Falun Gong for only a few months before his arrest. During his reasonable fear interview, Pan stated that he only

3

practiced Falun Gong for one month before the authorities pursued him.[1]

The agency's remaining findings are also supported by the record and undermine both Pan's Falun Gong claim and his alleged fear of sterilization under China's family planning policy. Pan testified that he practiced Falun Gong to alleviate pain and for fun, but during his reasonable fear interview, he stated that he practiced Falun Gong so he could go to heaven. Pan's explanation that he did not know very much about Falun Gong at the time of his 2014 interview was implausible, given that he allegedly began practicing Falun Gong in 1999. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (explaining that a petitioner must offer not only a "plausible" explanation, but one that "a reasonable fact-finder would be *compelled* to credit"). Pan testified that his wife told him that the police continued to look for him

_____

[1] The IJ concluded that the record of Pan's reasonable fear interview was reliable because a telephonic Mandarin interpreter was used, the transcript reflected questions and answers nearly verbatim, the questions posed were designed to elicit the details of Pan's claims, and the record did not show that Pan had any difficulty understanding or answering the questions. *See Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009) (discussing indicia of reliability for credible fear interviews). Pan did not challenge the record's reliability before the BIA and has not done so in this Court.

4

in order to sterilize him, but his wife's letter omitted this information. *See Xiu Xia Lin*, 534 F.3d at 166-67. And Pan testified that his father was a long-term Falun Gong practitioner who was imprisoned and mistreated for his practice, but Pan did not include this information in his application or reasonable fear interview. *See id.* Any challenges to these discrepancies are both unexhausted and waived because Pan did not challenge them before the BIA or in his brief to this Court. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

Pan argues that the IJ improperly discounted the letters and affidavits he submitted from his relatives, but the weight of the evidence is generally left to the agency's discretion. *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give minimal weight to letter from spouse in China). And regardless, the letters and affidavits do not rehabilitate Pan's problematic testimony because they do not resolve any inconsistencies: Pan's sister and uncle attested to Pan's current practice of Falun Gong but did not discuss when in China he started practicing, his father's alleged Falun Gong practice, or, in the case of Pan's sister, his previous detention. Pan's wife did not provide any

5

details about his Falun Gong claim or state that the police are still looking for Pan. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

The above discrepancies provide substantial evidence for the adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. Because Pan's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). For this reason, we do not reach Pan's arguments that, assuming his credibility, he has established past persecution and a well-founded fear of future persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court